**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daneyelle JACKSON, Defendant–Appellant.**

No. 13–50171.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Feb. 27, 2014.

Jennifer Y. Chou, Assistant U.S., Curtis A. Kin, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Timothy Allen Scott, Law Offices of Timothy A. Scott, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Daneyelle Jackson appeals from the district court's judgment and challenges the 24–month sentence imposed upon revocation of probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jackson contends that the district court procedurally erred by (1) failing to calculate the applicable Guidelines range; (2) failing to adequately explain the sentence; (3) failing to address the 18 U.S.C. § 3553(a) sentencing factors, and (4) relying on improper factors. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Jackson has not shown a reasonable probability that she would have received a different sentence had the court explicitly calculated the Guidelines range or explained why it adopted the range applicable to Jackson's underlying offense rather than the range provided in U.S.S.G. § 7B1.4. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir.2008). Moreover, the district court adequately addressed the relevant sentencing factors and did not rely on any impermissible factor. *See United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir. 2006).

To the extent Jackson contends that her sentence is substantively unreasonable, the district court did not abuse its discretion in imposing Jackson's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the relevant sentencing factors and the totality of the circumstances, including Jackson's repeated probation violations. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.